IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEROME WASHINGTON, | ) |
| | ) Civil Action No. 18 - 342 |
| Plaintiff, | ) |
| | ) Magistrate Judge Lisa Pupo Lenihan |
| v. | ) |
| | )   ECF Nos. 178, 179 |
| C.O. JONES., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM OPINION ON PLAINTIFF'S POST TRIAL MOTIONS

**I. Summation**

For the reasons set forth below, Plaintiff's Motions for Judgment as a Matter of Law pursuant to Fed. R. Civ. P. 50(b) and Motion for a New Trial pursuant to rule 59(a) (ECF Nos. 178 and 179) will be denied.

**II. Factual and Procedural History**

The parties are familiar with the facts of the case, which need not be restated in detail here.  This case was tried to a jury commencing on July 18, 2022[1] and ending on July 19, 2022 with a defense verdict. ECF No. 172. Plaintiff was represented during the trial by counsel appointed by the Court on a pro bono basis. The case involved an allegation of the use of excessive force by Defendant Jones on March 28, 2017. Also named in the Complaint was Robert Gilmore as supervisor of Officer Jones. Gilmore was dismissed on July 18, 2022 on an

---

[1] Jury selection took place on July 6, 2022. The Court was advised that day that one of the defense attorneys tested positive for Covid, (ECF No. 169) so no proceedings took place for the 5 days as required by the CDC. From July 12-14 another of Plaintiff's cases was tried to a jury (C.A. No. 18-340). This trial followed.

1

oral Motion pursuant to Fed. R. Civ. P. 50(a) presented at the close of Plaintiff's case. A similar motion was made on behalf of Defendant Jones and was denied. ECF Nos. 170, 171. No motions were made by Plaintiff. Plaintiff's pro bono attorney, Jason Piatt, filed a Motion to Withdraw as Counsel immediately after the case and these motions were filed by Plaintiff proceeding pro se. Defendant filed a response on August 31, 2022. ECF No. 183.

### III. Applicable Standard

  A. Motion For Judgment Rule 50(b)

  Federal Rule of Civil Procedure 50 guides motions for judgment as a matter of law when "the facts are sufficiently clear that the law requires a particular result". *Weisgram v. Marley Co.*, 528 U.S. 440, 447 (2000) (citing 9A C. Wright & A. Miller, *Federal Practice and Procedure* § 2521, p. 240 (2d ed. 1995)). At the conclusion of the non-moving party's case, the moving party may make a motion for judgment as a matter of law any time before submission to the jury. Fed. R. Civ. P. 50(a)(2). If judgment as a matter of law is not granted under 50(a), a party may renew the motion under 50(b) after the entry of judgment. Fed. R. Civ. P. 50(b). A 50(b) motion "can only be made on grounds specifically advanced in a motion for a directed verdict at the end of plaintiff's case." *Kars 4 Kids Inc. v. Am. Can!*, 8 F.4th 209, 220 (3d Cir. 2021) (citing *Kutner Buick, Inc. v. Am. Motors Corp.*, 868 F.2d 614, 617 (3d Cir. 1989)). If a defendant fails to raise an issue in a Rule 50(a)(2) motion with "sufficient specificity to put the plaintiffs on notice," they waive their right to raise the issue in a Rule 50(b) motion. *Id.* (citing *Williams v. Runyon*, 130 F.3d 568, 571-72 (3d Cir. 1997)).

  B. Motion For a New Trial Rule 59(a)

Federal Rule of Civil Procedure 59(a) states in relevant part as follows:

> (1) *Grounds for New Trial*. The court may, on motion, grant a new trial on all or some of the issues - and to any party - as follows:

> (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]

Fed. R. Civ. P. 59(a)(1)(A).

The ordering of a new trial pursuant to Rule 59 is within the sound discretion of the district court. *Wagner v. Fair Acres Geriatric Ctr.,* 49 F.3d 1002, 1017 (3d Cir. 1995). Reasons for granting a new trial include verdicts which are against the weight of the evidence or prejudicial errors of law. *Klein v. Hollings,* 992 F.2d 1285, 1289-90 (3d Cir. 1993); *Brown v. Nutrition Mgmt. Servs. Co.*, 370 F. App'x 267, 268-70 (3d Cir. 2010). Taking the latter first, when the basis for the motion is an alleged error concerning the court's evidentiary rulings or jury instructions – that is, when it concerns a matter within the discretion of the trial court - a District Court must first determine whether an error was made during the course of the trial, and then determine "whether that error was so prejudicial that refusal to grant a new trial would be 'inconsistent with substantial justice.'" *Bhaya v. Westinghouse Elec. Corp.,* 709 F. Supp. 600, 601 (E.D. Pa. 1989) (quoting Fed. R. Civ. P. 61), *aff'd,* 922 F.2d 184 (3d Cir.1990). Whether any error committed by the court was harmless is governed by Federal Rule of Civil Procedure 61.[2] Thus, "[u]nless a substantial right of the party is affected," a non-constitutional error in a civil case is harmless. *Linkstrom v. Golden T. Farms,* 883 F.2d 269, 269 (3d Cir.1989). "Absent a showing of substantial injustice or prejudicial error, a new trial is not warranted and it is the court's duty to respect a plausible jury verdict." *Montgomery County v. MicroVote Corp.,* 152 F.Supp.2d 784, 795 (E.D. Pa. 2001). A court, "should do so only when "the great weight of the

---

[2] "Unless justice requires otherwise, no error in admitting or excluding evidence-or any other error by the court or a party-is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard errors and defects that do not affect any party's substantial rights." Fed. R. Civ. P. 61; *cf.* Fed. R. Evid. 103(a) ("Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected.").

evidence cuts against the verdict and ... [ ] a miscarriage of justice would result if the verdict were to stand." *Leonard v. Stemtech Int'l Inc.,* 834 F.3d 376, 386 (3d Cir. 2016).

The United States Court of Appeals for the Third Circuit has further indicated that the District Court's discretion to grant a new trial is more limited when the alleged ground is that the verdict is against the weight of the evidence. *Greenleaf v. Garlock, Inc.,* 174 F.3d 352, 366 (3d Cir. 1999). In this instance, new trials "'are proper only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks our conscience.'" *Greenleaf,* 174 F.3d at 366 (quoting *Williamson v. Consol. Rail Corp.,* 926 F.2d 1344, 1353 (3d Cir. 1991)); *EEOC v. Delaware Dep't of Health and Soc. Servs.,* 865 F.2d 1408, 1413 (3d Cir. 1989). "[T]his stringent standard is necessary to ensure that a district court does not substitute its judgment of the facts and credibility of the witnesses for that of the jury." *Sheridan v. E.I. DuPont de Nemours & Co.,* 100 F.3d 1061, 1076 (3d Cir. 1996) (citations omitted). The movant bears the burden of proof on a Motion for a New Trial. *Whelan v. Teledyne Metal Working Prods.,* No. CA 01-1316, 2006 WL 39156, at *7 (W.D. Pa. 2006). And the party seeking a new trial must meet a high threshold in order to obtain this "extraordinary relief." *Ponzini v. PrimeCare Med., Inc.,* 269 F. Supp. 3d 444, 575 (M.D. Pa. 2017), *aff'd in part, vacated in part sub nom. Ponzini v. Monroe Cnty,* 789 F. App'x 313 (3d Cir. 2019).

**IV. <u>Analysis</u>**

Plaintiff's Motion for a Judgment as a Matter of Law pursuant to Fed. R. Civ. P. 50(b) must be denied. No motion for judgment as a matter of law was made by Plaintiff under Rule

50(a) at trial.[3] Therefore, the only pending motion is one for a new trial under Rule 59. *See* Pa. R. Civ. P. 50(b).

Plaintiff claims that the verdict was against the weight of the evidence and the damages inadequate for a number of reasons. First, he alleges that the video shown was "inadequate" because the Defendants copied it and somehow altered it to show only what they wanted. ECF No. 179 p.2. This is the first time this issue has been raised. At no time did Plaintiff ask that other video be shown. No objection was made at trial, no evidence was offered as to this theory and the issue was not preserved. A "party who fails to object to errors at trial waives the right to complain about them following trial." *Seneca Ins. Co. v. Beal*, 820 F. App'x 106 (3d Cir. 2020) (quoting *Waldorf v. Shuta,* 142 F.3d 601, 629 (3d Cir. 1998)).

Plaintiff also argues ineffective assistance of counsel; however, that is not grounds for a new trial. His attorney did an excellent job both before and during the trial. In addition, not only is there no right to effective counsel in a civil case, there is no right to counsel at all in a civil matter. *Delker v. Blaker*, 488 F. App'x. 650, 651 (3d Cir. 2012), *Turner v. Rogers*, 564 U.S. 431, 433 (2011).  The Court made numerous attempts to find counsel for Plaintiff and did so in Attorney Piatt. See ECF Nos. 112, 117, 118, 119.

Plaintiff makes conclusory statements about unfairness: "the judge did not properly instruct the jury;" "the evidence viewed in favor of the Plaintiff sufficiently supported the verdict;" "the Court unfairly selected jury members;" and "the pretrial publicity unfairly

---

[3] Had Plaintiff made such a motion, it would have been denied. Defendant Jones did testify differently at trial than he had at deposition. He admitted this on the witness stand on cross and the Court still allowed Plaintiff to use the deposition testimony, over the objection of Defendant's counsel, to impeach Defendant Jones. Defendant also objected to using a video portion of the deposition, which the Court also overruled. However, as Jones did admit that he testified differently at his deposition, he could reasonably argue that allowing the deposition in as impeachment was error. The Court's ruling was for the purpose of giving Plaintiff every opportunity to present his evidence. Yet, the jury chose to find Defendant Jones credible. There was no basis to grant judgment in favor of Plaintiff at the close of the case. The evidence presented by Defendant was sufficient to support a verdict in his favor.

prejudiced the jury." Plaintiff is not specific as to the issue with the jury charge. The Court considered the charge as proposed by the parties, used most of what was proposed by Plaintiff, and also had a charging conference. ECF No. 156, 168. Without knowing what in the charge was erroneous, the Court is unable to address this issue. The Court did not select any members of the jury. Jury selection was done by the parties and Plaintiff was present throughout. There was no pretrial publicity about the case.

      Finally, Plaintiff disagrees with the jury verdict and seems to argue that the verdict was against the weight of the evidence. This jury verdict does not meet the high "against the weight of the evidence" standard, as it neither resulted in a miscarriage of justice nor was conscience-shocking. To the contrary, Plaintiff testified at length about what happened to him and the jury heard conflicting evidence from Defendant, and duly made credibility assessments as to each witness, including Plaintiff. *See Ponzini v. Primecare Medical, Inc*., 269 F. Supp. 3d 444, 548 (M.D. Pa. 2017), *aff'd in part, vacated in part sub nom. Ponzini v. Monroe Cnty.,* 789 F. App'x 313 (3d Cir. 2019). ("Where evidence is in conflict and subject to two interpretations, the trial judge should be reluctant to grant a new trial."); *Rhoades, Inc. v. United Air Lines, Inc*., 340 F.2d 481, 485-86 (3d Cir.1965) ("[T]he mere assertion of any witness does not of itself need to be believed, even though he is unimpeached in any manner; because to require such belief would be to give a quantitative and impersonal measure to testimony'…. [T]he trier of fact, whether the issue be one of an excessive or inadequate verdict, is at liberty within the bounds of reason to reject entirely the uncontradicted testimony of a witness which does not convince the trier of its merit."); *id.* (holding that where jury might have rationally weighed factors in evidence in reaching its decision, rejection of some uncontradicted testimony fell within bounds of reason).

      Nothing in this case supports a contention that the verdict of the jury, reached after hearing all of the testimony and deliberating, should be disturbed.

The Court granted Defendant Gilmore's request for dismissal pursuant to Rule 50(a) following the close of Plaintiff's case. ECF Nos. 170, 171. Gilmore was named as a Defendant on the basis that he was Defendant Jones' supervisor. It is well settled that a "defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 537 n.3 (1981) (other citation omitted)). A plaintiff must show this personal involvement through allegations of participation, personal direction or actual knowledge and acquiescence, and these allegations "must be made with appropriate particularity." *Rode*, 845 F.2d at 1207.

In the context of a defendant who is alleged to have performed in a supervisory role, courts have identified two general instances in which either the conduct of that supervisor-defendant or the policies and procedures of that supervisor-defendant may amount to personal involvement and thereby warrant a finding of individual, supervisory liability for a constitutional tort. First, supervisory liability may attach if the supervisor personally "participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced" in a subordinate's unconstitutional conduct. *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (citing *Baker v. Monroe Twp.*, 50 F.3d 1186, 1190-91 (3d Cir. 1995)). Second, liability may attach if the supervisor, "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id*. (quoting *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989)).

As no evidence had been presented that Gilmore was personally involved in the incident, or that he established or maintained a policy or practice which directly caused the constitutional harm, the Court finds no reason to reverse its ruling pursuant to Fed. R. Civ. P. 50(a).

## V. Conclusion

For the reasons set forth above, the Court finds that Plaintiff's Motions for Judgment as a Matter of Law pursuant to Fed. R. Civ. P. 50(b) and Motion for a New Trial pursuant to rule 59(a) (ECF Nos. 178 and 179) should be denied. A separate Order will be entered.

Dated: September 15, 2022

By the Court:

_____
Lisa Pupo Lenihan
United States Magistrate Judge

Cc:  Jerome Junior Washington
     HV-0282
     SCI Rockview
     Box A
     1 Rockview Place
     Bellefonte, PA  16823

     Counsel of Record
     (Via CM/ECF electronic mail)